UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2005-8, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-8, ITS ASSIGNEES AND/OR SUCCESSORS,<br><br>                            Plaintiff,<br><br>v.<br><br>SALEM SOMO,<br><br>                            Defendant. | Case No.: 19-CV-2248-CAB-MSB<br><br>**ORDER OF REMAND TO STATE COURT**<br><br>[Doc. No. 1] |

On December 27, 2018, Plaintiff filed a second amended complaint for unlawful detainer against Defendant Salem Somo in the Superior Court of the State of California, County of San Diego. [Doc. No. 1-2.] On November 25, 2019, Somo, proceeding *pro se*, removed the action to this court. [Doc. No. 1.] After reviewing the notice of removal and the underlying complaint, the Court finds that the Court lacks subject matter jurisdiction over this case. Accordingly, the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). "The defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Here, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-CV-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v.*

*Enshiwat*, No. 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court.") (quotations omitted). Accordingly, the face of the complaint does not present a federal question justifying removal.

Nor is there diversity jurisdiction. For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's complaint explicitly states that it seeks limited civil damages totaling less than $10,000. Thus, diversity jurisdiction is lacking as well.

In the notice of removal, Somo alleges that Plaintiff's claim is based upon a notice which expressly references and incorporates a federal statute, Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 ("PTFA"). [Doc. No. 1 at 2–3.] However, a review of the state court complaint in this case shows that Plaintiff alleges a single cause of action for unlawful detainer under California state law and does not invoke the PTFA.

Moreover, "the PTFA expired on December 31, 2014." *Fairview Tasman LLC v. Young*, No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); *see also Franks v. Franks*, No. 17cv893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May 4, 2017). Here, the unlawful detainer action was filed on December 27, 2018, and there is no indication that any of the facts constituting the unlawful detainer action occurred prior to December 31, 2014.

Finally, the PTFA does not create a cause of action for a tenant. *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013). In *Logan*, the court analyzed the Congressional record to determine that Congress showed no implicit or explicit intent to create a cause of action under the PTFA. *Id.*; *see also Nativi v. Deutsche Bank Nat'l Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010). The Ninth Circuit held that the PTFA neither explicitly nor implicitly creates a cause of action, but instead explained that the PTFA is a defense in California state eviction proceedings. *Logan*, 722 F.3d at 1173. Therefore, the PTFA does not create a cause of action that could have

originally been brought in federal court, and as a defense, it is insufficient to confer subject matter jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense."). Accordingly, Somo's assertion of federal subject matter jurisdiction is without merit, and Plaintiff's state unlawful detainer claim is not removable.

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and **REMANDS** the case to San Diego County Superior Court. The Early Neutral Evaluation Conference [Doc. No. 4] is hereby **VACATED**.

It is **SO ORDERED**.

Dated: November 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge